UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Magistrate No. 06-0320M-01 |
| JUAN LUIS SALAZAR, | DAR |
| Defendant. | |

**FILED**
**AUG 0 4 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by criminal complaint with unlawfully, knowingly and intentionally distributing and possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on July 17, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis

United States v. Salazar

2

upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the Defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.

United States v. Salazar

3

## III. DISCUSSION

The government's sole witness was Detective Lavinia Quigley of the Metropolitan Police Department. Detective Quigley testified that on July 10, 2006, a confidential informant arranged for her, in her capacity as an undercover officer, to purchase one-half kilogram of cocaine from Defendant Salazar on July 11, 2006 at a McDonald's restaurant located at 2228 New York Avenue, N.E., in the District of Columbia. Detective Quigley testified that on July 11, the confidential informant telephoned Defendant from her office and verified that the narcotics transaction would take place at the McDonald's restaurant at approximately 8 p.m. According to Detective Quigley, the Defendant arrived at the restaurant as a passenger in a Lincoln Navigator driven by co-Defendant Juan Carlos De La Rosa.

Detective Quigley testified that while co-Defendant De La Rosa acted as a "look-out," Defendant Salazar reached into the Navigator and placed a clear plastic bag containing a white powder substance on the passenger seat, and that she examined its contents. Defendant Salazar and co-Defendant De La Rosa were then arrested. The plastic bag contained 515 grams of cocaine. An additional 35 grams of cocaine was recovered from the console of the Navigator.

Counsel for the government, in further support of the government's request for pretrial detention, proffered that the Pretrial Services Agency report indicated that Defendant Salazar is a citizen of Mexico, and that none of the information he provided to the Pretrial Services Agency could be verified.

In opposition to the government's request for pretrial detention, Defendant, through his counsel, proffered that Defendant had no criminal history; was employed as a construction worker; and that his brother, sister and other family members were in court.

United States v. Salazar                                                                                                    4

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of a significant quantity of cocaine.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant is a citizen of Mexico whose ties this community could not be verified by the Pretrial Services Agency.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence compels the conclusion that Defendant is not amendable to community supervision and that the community would be endangered by his release.

The undersigned has carefully considered Defendant's proffer of evidence, and finds that it is insufficient to rebut either the presumption of fugitivity or the presumption of dangerousness, or the direct evidence thereof. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

United States v. Salazar

5

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 17, 2006 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

_August 4, 2006_
　　DATE


_July 17, 2006_
　　NUNC PRO TUNC