

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**
**DEC 8 - 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

December 6, 2006

H. Heather Shaner, Esquire
by hand-delivery
fax copy also to: 332-8057 (this page followed by 10 additional pages)

Re:  United States of America v. Juan Luis Salazar-Zuniga
     1:06-cr-239-RWR

Dear Ms. Shaner:

   This letter sets forth the full and complete plea offer to your client, Juan Luis Salazar-Zuniga, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on December 13, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows.

### Charges and Statutory Penalties

   1. Your client agrees to plead guilty to count 2 of the pending indictment, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the United States Sentencing Guidelines, your client is accountable for 745.1 grams of cocaine powder, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement.

   2. Your client understands that the charge carries a maximum sentence of 40 years in prison (and a mandatory minimum

prison term of 5 years, unless your client qualifies for the "safety valve" exception of 18 U.S.C. § 3553(f), in which case there is no mandatory minimum prison term), pursuant to 21 U.S.C. § 841(b)(1); a maximum fine of $2 million or a twice the pecuniary gain or loss attributable to the offense, whichever is greatest, pursuant to 21 U.S.C. § 841(b)(1) and 18 U.S.C. § 3571(d); a $100 special assessment, pursuant to 18 U.S.C. § 3013; and a maximum term of supervised release of five years, pursuant to 18 U.S.C. § 3583.  There is also an obligation to pay applicable interest and penalties on fines and assessments not timely paid.

3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  In addition, at the time of sentencing, the Government will move to dismiss count one of the pending indictment.  Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2005, as amended to March 27, 2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and  to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

Offense Level Under the Guidelines

(1) The applicable base offense level is Level 26, pursuant to U.S.S.G. § 2D1.1(c)(7).

(2) If the U.S. Probation Office confirms that the defendant does not have more than one (1) criminal history point, and the government continues to believe that your client has provided

2

truthful information and evidence concerning the offense and offenses that were part of the same course of conduct and a common scheme and plan, your client qualifies for a two-level downward adjustment, pursuant to U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2.

(3) Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional one-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Downward Guideline Departure

(4) Under the Sentencing Guidelines an upward departure from the applicable Guidelines Range is not warranted, but a downward departure of six (6) months, no more and no less, is warranted, based on your client's status as a deportable alien, pursuant to United States v. Smith, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and U.S.S.G. § 5K2.0(2)(B). The parties agree that no other downward Guidelines departure is appropriate.

### Agreements as to Sentencing Allocution

7. The parties further agree that a prison sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). The government further agrees not to seek an upward adjustment under the Sentencing Guidelines based on the defendant's role in the offense, pursuant to U.S.S.G. § 3B1.1. The defendant, however, reserves the right to seek a downward adjustment based on his role in the offense, pursuant to U.S.S.G. § 3B1.2. In addition, the government agrees not to seek a sentence above the low end of the applicable Guidelines Range and the defendant agrees not to seek or suggest that the Court consider a sentence outside that Guidelines Range.

### Court Not Bound by the Plea Agreement

8. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact

3

or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-mandatory Sentencing Guidelines

9. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Deportation

15. Your client agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228(c), and agrees to execute those documents necessary to implement your client's removal. Your client specifically waives the right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the Plea Agreement and as a condition supervised release. Your client further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Bureau of Immigration and Customs Enforcement shall breach this Plea Agreement.

### Interpreter

16. Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language. If no such request is made, then your client agrees that he

understands the English language sufficiently well to read and understand this Plea Agreement.

### Release/Detention

17. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

18. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

20. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or

committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

22. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

23. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

24. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

25. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar

6

or compromise any civil, tax, or administrative claim pending or that may be made against your client.

26. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

                        Sincerely yours,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

By: _____
     Michael C. Liebman
     Assistant United States Attorney
     353-2385

## DEFENDANT'S ACCEPTANCE

I have hade this Plea Agreement read to me, in Spanish, by my attorney, H. Heather Shaner, Esquire, and have discussed it with her. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

12-7-06
Date

*Juan Salazr z Zunia*
Defendant Juan Luis Salazar-Zuniga


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

12-7-06
date

*H H Shaner*
H. Heather Shaner, Esquire
Attorney for defendant Juan Luis Salazar-Zuniga

8

## STATEMENT OF THE OFFENSE

On June 28, 2006, at approximately 8 p.m., defendant Juan Luis Salazar-Zuniga and three other persons arrived in a Lincoln Navigator and parked near the intersection of New York Avenue and Bladensburg Road, N.E., Washington, D.C., for the purpose of selling 250 grams of powder cocaine. Once at that location, the defendant had a telephone conversation with a person who was accompanying the person who was to purchase the cocaine. The person accompanying the purchaser was a confidential informant (CI) of the Metropolitan Police Department and the purchaser was an undercover MPD officer. The defendant instructed the CI, who was also parked near the intersection, to drive to the parking lot of a restaurant located near the intersection.

Pursuant to the defendant's instructions, the undercover officer and the CI drove to the restaurant lot, parking next to a the Navigator. The defendant, who was standing nearby, walked over to the Navigator, opened one of the doors, and removed from the front seat area a box, which he handed to the undercover officer. In exchange, the undercover officer handed the defendant $6000 in U.S. currency. Inside the box was a plastic bag containing 243.5 grams of powder cocaine.

After the exchange, the undercover officer asked the defendant if he would have an additional half kilogram of powder cocaine next week, and the defendant replied in the affirmative. The defendant and the three other individuals who had accompanied him then got into the Navigator and drove out of the area.

      On July 11, 2006, at approximately 9 p.m., the defendant and another individual arrived together at the same restaurant parking lot in the same Navigator, for the purpose of selling powder cocaine to the same undercover officer. The undercover officer drove to the lot and parked near the Navigator. The defendant walked out of the restaurant, and then walked with the undercover officer to the Navigator. The defendant then opened one of the Navigator doors, removed a plastic bag containing 501.6 grams of cocaine from the center console and placed it on the front passenger seat of the Navigator for the undercover's inspection.

      The defendant was arrested immediately thereafter. Subsequent to his arrest, MPD officers seized an additional 33.9 grams of powder cocaine, some of which was intended for the defendant's personal use but none of which he intended to sell or otherwise distribute, from the center console of the Navigator.

**Defendant's Acceptance of Statement of Offenses**

I have had the above Statement of Offense read to me by my attorney, in Spanish, and have carefully reviewed every part of it with her. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offenses and all matters relating to it. I fully understand the Statement of Offenses and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand the Statement of Offenses fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

12-07-06
Date

*Juan Salazar Zunia*
Defendant Juan Luis Salazar-Zuniga

**Defense Counsel's Acknowledgment**

I am the attorney for defendant Juan Luis Salazar-Zuniga. I have reviewed every part of the Statement of Offense with him. It accurately and completely sets forth a factual proffer in support of the defendant's guilty plea, as agreed to by the defendant and the United States.

12-07-06
date

H. Heather Shaner, Esquire

11