### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 06-239-RWR |
| v. | ) | |
| | ) | |
| JUAN LUIS SALAZAR-ZUNIGA, | ) | |
| | ) | |
| Defendant. | ) | |

Government's Memorandum in Aid of Sentencing

The United States of America, by and through the United States Attorney for the District of Columbia, submits the following memorandum in aid of the sentencing of defendant Juan Luis Salazar-Zuniga.

Background

Defendant Salazar-Zuniga is a Mexican citizen, approximately 30 years old, who has unlawfully entered the United States at least twice, most recently sometime after his deportation on May 31, 2005.

In May and June 2006, Metropolitan Police Department officers were working with a confidential informant to arrange for the undercover purchase of 250 grams of powder cocaine. The CI and the target fo the investigation eventually agreed to meet on June 28, 2006, in the area of the intersection of New York Avenue and Bladensburg Road, N.E., Washington, D.C.

At approximately 8:07 p.m. on that date, the defendant and three other persons arrived in a Lincoln Navigator and parked near the above intersection, in the parking lot of a restaurant.

The defendant exited the Navigator and proceeded to place a cell phone call to the CI, who was in the company of an undercover MPD detective, in a car parked at a nearby gas station.  The defendant instructed the CI to drive over to the restaurant lot. The CI and the undercover detective did as instructed.

Once the CI and detective arrived at the restaurant parking lot, the defendant walked over to the parked Navigator, opened one of the doors, and removed a box, which he proceeded to hand to the detective.  In exchange the undercover officer handed the defendant $6000 in U.S. currency.  Inside the box was a plastic bag containing 243.5 grams of cocaine.

After the above exchange, the detective asked the defendant if he would have an additional half kilogram to sell next week, and the defendant replied that he would.  The defendant and the accompanying individuals then drove out of the area in the Navigator.

In the intervening days, after several phone calls, it was agreed that the next sale would take place on July 11, 2006.  On July 11, at approximately 9 p.m., the defendant and another individual arrived together at the same restaurant parking lot, in the same Navigator.  The defendant and the other individual both got out of the Navigator.  The detective then drove into the lot, parked nearby, and got out of her vehicle.  The defendant

2

walked over to the detective, and the two of them walked over to the Navigator.

The defendant then opened one of the Navigator doors, and removed a plastic bag of powder cocaine from the center console, and placed it on the front passenger seat for the detective's inspection.

The arrest team then moved in and arrested the defendant. The plastic bag on the front seat was found to contain 501.6 grams of powder cocaine.  In a search of the Navigator following the arrest, an additional 33.9 grams of cocaine was seized from the center console.

The individual who accompanied the defendant on July 11 was also arrested.

The defendant was subsequently indicted for two counts of distribution of cocaine, and one count of possession of cocaine with intent to distribute, relating to the events on June 28 and July 11.[1]  On December 8, 2006, pursuant to a plea agreement, the defendant pled guilty to count 2 of the indictment, which particular count charged him with distribution of 500 grams or more of cocaine, on July 11, 2006.

<u>The Plea Agreement</u>

--------

[1]This individual was charged by complaint with distribution of cocaine, in connection with the July 11 incident.  He was not, however, indicted, and the complaint against him was subsequently dismissed.

3

Under the terms of the plea agreement, the defendant acknowledged responsibility for the cocaine distributed on June 28 and July 11, and the government agreed that the additional 33.9 grams of cocaine seized on July 11 were not intended for distribution.  With respect to the Sentencing Guidelines, the parties agreed that the appropriate base offense level was 26, pursuant to U.S.S.G. § 2D.1.(c)(7), and the government agreed that if the defendant clearly demonstrated acceptance of responsibility, the defendant qualified for a three-point downward adjustment pursuant to U.S.S.G. § 3E1.1.

In addition, the agreement provided that if the government continued to believe that the defendant had provided truthful information about the offense and related conduct, he qualified for a two-level downward adjustment pursuant to U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2.

As of this writing, the government knows of no reason why the defendant should not receive a total downward adjustment of five levels pursuant to these provisions.

Furthermore, under the agreement, the defendant generally agreed not to seek a sentence below the applicable guideline range of imprisonment, and the government agreed not to seek a prison sentence above the applicable guideline range.  It was agreed, however, that the defendant could seek, and the government would not oppose, a six-month downward departure from

4

the Guideline range of imprisonment, pursuant to <u>United States v.</u> <u>Smith</u>, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and U.S.S.G. § 5K.0(2)(B), based on the defendant's status as a deportable alien.

Finally, the government agreed to dismiss the remaining two counts of the indictment at sentencing.

<u>The Relevant Statutes</u>

Pursuant to 18 U.S.C. §§ 3571 and 3583, and 21 U.S.C. § 841, the offense of conviction carries a maximum prison term of 40 years, a maximum supervised release term of 5 years, and a maximum fine of $2 million.  Although 21 U.S.C. § 841 generally requires imposition of a mandatory minimum term of 5 years in prison, and a mandatory minimum supervised release term of 4 years, as of this writing the government believes the defendant qualifies for the "safety valve" exception of 18 U.S.C. § 3553(f), pursuant to which the Court is permitted to sentence the defendant without regard to statutory mandatory minimums. However, pursuant to 21 U.S.C. § 841, a probationary sentence is not permitted.

<u>The Sentencing Guidelines</u>

The government agrees with the Pre-sentence Report that the defendant's adjusted offense level is 21 and that he has a criminal history score of 0 (and is in Criminal History Category I).

The government strongly disagrees with the argument of the defendant--an argument specifically rejected in the revised PSR--that he qualifies for an additional two-level downward adjustment, pursuant to U.S.S.G. § 3B1.2, for purportedly having only a minor role in the offense.  As discussed in the Commentary to this Guideline, for a defendant to qualify for a downward adjustment under this provision, there must have been more than one "participant," i.e., criminally responsible person, "involved in the offense," U.S.S.G. § 3B1.2, comment. (n.1) (cross-referencing U.S.S.G. § 3B1.1, comment. (n.1)), and the defendant's part played in the committing the offense "makes him substantially less culpable than the average participant," id. § 3B1.2, comment. (n.3(A)).

In this case, the government's information is that there were at least five persons involved as participants in this offense:  the defendant, the individual arrested with him on July 11, and the three other persons who accompanied the defendant during the transaction on June 28.  Based on the defendant's objections to the PSR, his focus appears to be that he is less culpable than the individual arrested with him on July 11.  While it may indeed be the case that that person was more culpable than the defendant, in terms of setting up the transactions, the defendant is more culpable than the three persons who accompanied him on June 28, who, at most, merely provided security.

6

Moreover, while it may be the case that the defendant did not own the cell phone or the Navigator, it was the defendant who spoke on the cell phone with the CI on both dates; it was the defendant who opened the door to the Navigator on both dates, in order to provide the cocaine to the detective; and it was the defendant who accepted the money from the detective. Accordingly, an adjustment based on mitigating role is not warranted.  See United States v. Gavira, 325 U.S. App. D.C. 322, 343, 116 F.3d 1498, 1519 (1997) (per curiam) (upholding denial of minor role adjustment where convicted defendant claimed he was not involved in initiating the cocaine conspiracy, locating suppliers, negotiating quantity or price, where defendant, among other things, had been entrusted by his co-conspirators to receive a $7000 payment from a cocaine purchaser), cert. denied, 522 U.S. 1082 and 1132 (1998).

The government also agrees with the PSR that the defendant has a criminal history score of 0 and is therefore in Criminal History Category I.  Accordingly, he faces a guideline range of imprisonment of 37 to 46 months, a guideline range of supervised release of three to five years, and a guideline fine range of $7500 to $2 million.

<u>The Appropriate Sentence</u>

Pursuant to its obligations under the plea agreement, the government submits that the appropriate term of imprisonment in

7

this case is 31 months, which represents the low end of the applicable guideline range of imprisonment, with a six-month downward departure justified by <u>Smith</u>.  The defendant should also be sentenced to the minimum guideline supervised release term of three years, a special condition of which should be that, if deported, he not return to the United States during the period of his supervision.  The government takes no position on the fine to be imposed, but notes that a special assessment of $100 is required by 18 U.S.C. § 3013.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/

by: _____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov