UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                              CE-06-239

JUAN SALAZAR ZUNIGA

### SENTENCING MEMORANDUM

The purpose of sentencing is satisfied here by a sentence below the advisory guidelines. The rationale of keeping criminals off the street for as long as possible "makes more sense in the context of life sentences for violent criminals than it does for small time drug dealers . . ." *United States v. Harris,* (D.D.C. March 7, 2005)(Robertson, J.)

The defendant respectfully submits this memorandum in support of sentence. This is the first and only criminal conviction for the defendant. The defendant is subject to immediate deportation. He will be separated from all of his sisters and brothers and extended family who reside in this area. Should he reenter the United States following deportation for a drug felony he will be subject to lengthy incarceration. He understands this and is determined to remain in Mexico and farm the land that belongs to his mother.

This offense is the defendant's only conviction. In light of his family responsibilities and his personal history a sentence of 24 months would reflect the seriousness of the offense, provide just punishment,

afford adequate deterrence to criminal conduct, and protect the public. *United States v. Booker,* 125 S.Ct. 738 (2005) cited in *United States v. Ameline,* _____F.3d_____,2005; U.S. App. Lexis 2032 (9th C. 2/9/2005). See also *United States v. Stockton*, 968 F.2d 715, 721 (8th C. 1992) where the Court found a sentence of 20 years for a first time meth offender "excessively long and cannot be justified in a civilized society"; *United States v. Andruska,* 964 F.2d 640, 646-47 (7th C. 1992) ("the irrationality and draconian nature of the Guidelines sentencing process"); *United States v. Harrington,* 947 F.2d 956, 964 (D.C.C.A. 1991)(the guidelines "often produce harsh results that are patently unfair because they fail to take account of individual circumstances . . .").

The defendant has worked to support his family since he was an infant. He initially worked on his parents farm feeding cattle and taking care of the animals. As he grew older he took on increased responsibility. He is the youngest of ten children who emigrated to the United States. He never attended school in Mexico. At age fifteen he joined his older siblings in the Maryland suburbs of Washington, D.C. He has been gainfully employed since age fifteen. He has contributed to the support of his siblings in the United States and his parents, siblings and son in Mexico. He has had no periods of unemployment for the past fifteen years. Court's have determined that downward departures are justified where employment history and family ties are extraordinary. See *U.S. v. Thompson,* 74 F. Supp.2d 69 (D.Mass. 1999) "[N]ot only did defendant exhibit a sustained commitment to his family dating back to the instant he became a father, he consistently worked to provide for them," reversed on other grounds 234 F.3d 74 (1st C. 2000). "Young age and stable employment will justify a departure." *U.S. v. Higgins,* 967 F.2d 841 (3d Cir. 1992); Departure approved based on defendant's "long impressive work history--where good jobs are scarce. *U.S. v. Jones,* 158 F.3d 492 (10th Cir. 1998).

The defendant plead guilty at the first opportunity. The defendant debriefed with the government immediately. The information he provided was useful, however, the primary target about whom he was able to provide information was deported. This was the man who had been charged with him at the time of his arrest. The government chose not to indict that individual, Juan De La Rosa. La Rosa was deported before the anticipated 5K1 motion became unavailable. Therefore government could not use the information in "the prosecution" of Mr. De La Rosa.

Mr. Salazar Zuniga should receive a role adjustment for minor role. He was clearly not the sole participant in the offense conduct. The D.C. Circuit has held specifically that in similar situations where the defendant is the sole participant in the offense of conviction, he may nonetheless qualify for a reduction under §3B1.2. The D.C. Circuit held that the evidence "must, at a minimum, show (i) that the relevant conduct for which the defendant would . . . be otherwise accountable involved more than one participant (as defined in section 3B1.1, comment (n.1)) and (ii) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s)." U.S. v. Caballero, 936 F.2d 1292, 1299 (DC Cir. 1991). Accord U.S. v. Snoddy, 139 F.3d 1224, 1231-32 (8th C. 1998); U.S. v. Webster, 996 F.2d 209, 212 (9th C 1993).

The government disagrees with the argument that Salazar Zuniga qualifies for a role adjustment, pursuant to U.S.S.G. § 3B1.2. In this case, the government's argues there were at least five persons involved as participants in this offense: the defendant, the individual arrested with him on July 11, Juan De La Rosa, and the three other persons who accompanied the defendant during the transaction on June 28. The government concedes that De La Rosa was more culpable than the defendant, but argues the defendant is more culpable than the other three persons. However, the three others had no role in the offense, as

they were merely present and were not participants.

Mr. Salazar Zuniga and Juan De La Rosa were arrested on July 11, 2006. The owner and supplier of the cocaine on both occasions was Juan De La Rosa. During several debriefings Mr. Salazar provided information about the De La Rosa and his partner Rocky. He provided identifying information including addresses and telephone numbers.

In support of the argument that the defendant had a minor role as compared to De La Rosa, he offers the following facts. The owner of the cocaine and the person who supplied the cocaine which was given to the UC was De La Rosa. The defendant may have directed the UC to De La Rosa but he was clearly less culpable than the drug supplier. The defendant had court appointed counsel as an indigent, whereas Mr. De La Rosa hired his own attorney. Mr. Salazar Zuniga lived in a two room basement apartment. Mr. De La Rosa leased an apartment with his partner Rocky. He also resided in a house which he provided for his family. He purportedly owned his own legitimate business in addition to his "drug" business. De La Rosa was the owner of the phone and the Navigator.

As further indicia of "minor role" the defendant argues that Mr. Salazar Zuniga does not have the academic ability to be a "player". He cannot read or write English or Spanish. He cannot do rudimentary arithmetic. He cannot add or subtract. He has never been to school. He does not know his own date of birth nor his own street address.

Mr. Salazar does not own a car, whereas Mr. De La Rosa drove a new Lincoln Navigator to both sales, Maryland tag 713M81 which was registered to his address and his family. Mr. De La Rosa owned the cell phone that was used to communicate with the UC.

The government concedes the defendant did not own the cell phone or the Navigator. De La Rosa was originally on his phone--but passed it to the defendant to get directions as he was driving his truck. Perhaps, De La Rosa was more circumspect than the defendant and stayed in the background while the defendant acted as his hands and mouth. We concede that Salazar Zuniga accepted the money from the detective. However , the money went directly to the owner of the cocaine--De La Rosa--and the defendant was given $200.00 for his participation in the sale. Under these facts the defendant should qualify for a minor role reduction. <u>United States v. Gavira</u>, 325 U.S. App. D.C. 322, 343, 116 F.3d 1498, 1519 (1997) does not apply.

The Court can and should make an adjustment for minor role in the offense. The government concedes the defendant is less culpable than De La Rosa. If the Court grants an adjustment of four points the guideline range for an offense level of 17 is 24-30 months.

Should the Court find the defendant does not qualify for a full four point adjustment the guidelines clearly permit the Court to grant a role in the offense reduction of 3, 2 or 1 points. For a total offense level of 18 the guideline range is 27-33 months. For a total offense level of 19 the guideline range is 30 -37 months.

The defendant has a criminal history score of 0 and is therefore in Criminal History Category I. We agree the defendant should be sentenced to the low end of any sentencing range. We agree he should qualify for a departure of at least 6 months under <u>Lartey,</u> and <u>Smith.</u> The Court in formulating a just sentence should also consider the additional months of incarceration and hardship the defendant will suffer in an ICE facility while awaiting deportation.

The defendant should also be sentenced to the minimum guideline supervised release term of three years, a special condition of which should be that, if deported, he not return to the United States during the period of his supervision. The government takes no position on the fine to be imposed, but notes that a special assessment of $100 is required by 18 U.S.C. § 3013.

Respectfully submitted,

/s/
_____
H. Heather Shaner # 273 276
1702 S St. N.W.
Washington, D.C. 2009
Tel. 202 265 8210