HONORABLE RICHARD W. ROBERTS, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | Docket No.: 06-CR-239 |
| --- | --- | --- |
| vs. | : | SSN: |
| SALAZAR-ZUNIGA, Juan | : | Disclosure Date: January 10, 2007 |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     _____
Prosecuting Attorney                                      Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_Ivan Salazar_ _____        _H. Shaner_    1-11-07
Defendant                    Date         Defense Counsel      Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **January 24, 2007**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Acting Chief
    United States Probation Officer

H. Heather Shaner
1702 S Street NW
Washington, D.C. 20009
Tel. 202 265 8210
Fax 202 332 8057

To: Renee Moses Gregory
Fax: 202 273 0242

Re: PSR Juan Salazar Zuniga  06-Cr 239

p. 5  ¶18  We believe Mr. Salazar Zuniga should qualify for a mitigating role pursuant to §3B1.1

Mr. Salazar Zuniga was arrested along with Juan De La Rosa on JUly 11, 2006. According to our investigation the owner/supplier of the cocaine on each occasion was Juan De La Rosa.  During several debriefings Mr. Salazar provided information about the owner/supplier De La Rosa and his partner Rocky.  He provided identifying information including addresses and telephone numbers.

For the following reasons we believe Mr. Salazar Zuniga was a minor player who received a tip for his participation in the sale of the cocaine and had a minor role.

The defendant had court appointed counsel.
Mr. De La Rosa hired his own attorney.

Mr. Salazar Zuniga lived in a two room basement.
Mr. De La Rosa leased an apartment with his partner Rocky and lived in a house with his family.

Mr. Salazar Zuniga does not have the academic ability to be a "player".
Mr. Salazar cannot read or write in English or Spanish.
Mr. Salazar cannot do rudimentary arithmetic.  He cannot add or subtract.
He has never been to school.
He does not know his own date of birth or his own street address.

Mr. Salazar does not own a car or cell phone.

Mr. De La Rosa drove a new Lincoln Navigator MD tag 713M81 which was registered to his address and his family to both sales.

Mr. De La Rosa owned the cell phone that was used to communicate with the UC and was borrowed by the defendant.

The defendant does own have any physical property that is associated with a "player".

He was a minor participant and should receive a mitigating adjustment.

¶ 33. At this time the defendant is afflicted with Hemorrhoids.

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

UNITED STATES OF AMERICA
v.

JUAN LUIS SALAZAR
DOB:
PDID:

JUAN CARLOS DE LA ROSA
DOB: 1/7/75

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 06___M01

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __JULY 11, 2006__ in __WASHINGTON__ county, in the _____

District of __COLUMBIA__ defendant(s) did, (Track Statutory Language of Offense)

unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am __DETECTIVE LAVINIA QUIGLEY__, and that this complaint is based on the following facts:

**SEE ATTACHED STATEMENT OF FACTS**

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
DETECTIVE LAVINIA QUIGLEY
NARCOTICS SPECIAL INVESTIGATION DIVISION, MPD

Sworn to before me and subscribed in my presence,

Date: JUL 12 2006         at Washington, D.C.

JOHN M. FACCIOLA
MAGISTRATE JUDGE
Name & Title of Judicial Officer
ALAN KAY
U.S. MAGISTRATE JUDGE

Signature of Judicial Officer

## STATEMENT OF FACTS

On Tuesday, July 11, 2006, a confidential informant (CI) working with the Metropolitan Police Department's Narcotics Special Investigation Division arranged for an undercover officer (UC) to purchase approximately 500 grams of cocaine powder from defendant Juan Salazar. Salazar agreed to meet the CI and the UC at the McDonald's located at 2228 New York Avenue, N.E., Washington, D.C. At approximately 9:06 p.m. defendant Salazar and defendant Juan De La Rosa arrived at the McDonald's in a tan Lincoln Navigator bearing MD tag 713M281 that De La Rosa was driving. When the UC drove over to the McDonald's the defendants were exiting the McDonald's. The UC and Salazar walked over to the Navigator, while De La Rosa remained just outside the McDonald's looking around the parking lot and acting as a lookout. Defendant Salazar opened the passenger side door, reached over and placed a plastic bag containing a white powder substance on the seat. The UC looked at the white powder substance while sitting the truck, and then gave the signal for arrest teams to move in. Both defendants were stopped and placed under arrest. Officers recovered the plastic bag containing the white powder substance that the UC had been given. A portion of the white powder substance field tested positive for cocaine. Officers also recovered $40.00 in U.S. Currency and approximately 35 grams of a powder substance from the center console of the truck. A portion of the powder substance field tested positive for cocaine. Recovered from defendant De La Rosa was $1,500.00 in U.S. Currency.

On June 28, 2006, the UC had purchased approximately 250 grams of powder cocaine, which field tested positive for cocaine, from defendant Salazar at the same location.

DETECTIVE LAVINIA QUIGLEY
NARCOTICS SPECIAL INVESTIGATION DIVISION
METROPOLITAN POLICE DEPARTMENT

SWORN AND SUBSCRIBED BEFORE ME
ON THIS _____ DAY OF JULY, 2006.
JUL 12 2006

U.S. MAGISTRATE JUDGE
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

TOTAL P.02

Mr. De La Rosa owned the cell phone that was used to communicate with the UC and was borrowed by the defendant.

The defendant does own have any physical property that is associated with a "player".

He was a minor participant and should receive a mitigating adjustment.

¶ 33. At this time the defendant is afflicted with Hemorrhoids.